### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Jane Doe, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>Missionary Oblates of Mary Immaculate Eastern Province ("the Oblates")<br><br>        Defendant. | Civil Action No. 1:22-cv-00381-LEW<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |

The plaintiff in this lawsuit alleges that she suffered repeated acts of sexual abuse committed by ordained members of the Defendant, Missionary Oblates of Mary Immaculate Eastern Province ("the Oblates") when she was brought to Maine from a Catholic orphanage in Fall River, Massachusetts. ECF 1 (Complaint). In this Motion, Plaintiff seeks leave of this Court to permit her to proceed anonymously under the pseudonym "Jane Doe." Defendant does not oppose this Motion.

Jane Doe asks that this Court grant her request in order to protect her privacy surrounding the tragic sexual abuse that she suffered as a young child. Allowing Plaintiff to proceed anonymously will protect the highly sensitive and personal information that is at the heart of this litigation, allow her to continue attempting to heal from the abuse without causing further trauma, and avoid the chilling effect on other victims that forcing her to share her public identity would bring about. There is no prejudice to Defendant in allowing Plaintiff to proceed anonymously, nor is there any significant public interest in the disclosure of the Plaintiff's identity. To the contrary, the balancing of interests in this case compels granting this request to proceed anonymously.

**LEGAL STANDARD**

Despite the general rule that a complaint should typically "include the names of all parties," (F.R.C.P. 10(a)), a court may nonetheless allow a plaintiff to proceed anonymously. As the First Circuit recently articulated, the decision whether to allow a plaintiff to proceed anonymously should rest upon an analysis of the "totality of circumstances." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). "In the last analysis, district courts enjoy broad discretion to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests." *Id.*

The First Circuit has elucidated four general categories of "exceptional" cases where "anonymity will normally be warranted." *Id.* Specifically, these are: 1) cases in which a plaintiff reasonably fears that revealing her identity publicly will cause her unusually severe harm; 2) cases in which identifying the plaintiff would harm innocent non-parties; 3) cases in which "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated," and 4) cases in which are intertwined with prior confidential proceedings. This case falls squarely in the first, second, and third categories.

In this District, courts have consistently affirmed that in cases involving plaintiffs who were victims of sexual assault such as this one, a plaintiff "often has a privacy interest sufficient to proceed under a pseudonym." *See Wadsworth v. Maine Sch. Admin. Dist. 40/Reg'l Sch. Unit 40*, No. 2:19-CV-00577-JAW, 2020 WL 5880471, at *1 (D. Me. Oct. 2, 2020); *Doe v. Reg'l Sch. Unit No. 21*, Docket No. 2:19-00341-NT, 2020 WL 2833248, at 1-4 (D. Me. May 29, 2020).

**ARGUMENT**

**Plaintiff's Anonymity Should Be Preserved**

A) **Plaintiff Reasonably Fears That Revealing her Identity Publicly Will Cause Her Unusually Severe Harm**

Jane Doe's motion to proceed anonymously should be granted because she reasonably fears being further shamed and stigmatized, and having to suffer and re-suffer her significant harms whenever interacting with members of the public, if her identity were to be revealed. Jane Doe's treating psychiatrist, Dr. Paula Eagle, has submitted an affidavit in support of this Motion, which is attached as Exhibit 1. In the Affidavit, she describes Jane Doe's diagnosis of PTSD and the symptoms she suffers, and explains that it will cause significant harm to Jane Doe to force her to reveal her identity. As Dr. Eagle states, "It is my belief that it would exacerbate Jane Doe's symptoms and cause Jane Doe hardship, if she is not able to proceed anonymously in this case, as she worries tremendously about any backlash that could result to her family." Ex. 1.

Moreover, identification of the Plaintiff in this matter may pose a risk of physical and psychological retaliation. The Catholic denomination is one of the largest religious practices in the world. Many individuals in Plaintiff's surrounding social and professional communities have ties and strong feelings about their faith and about organizations like the Defendant in this case. There is a great risk that Plaintiff will be retaliated against professionally, in her personal life, and in her family life if she were to be revealed as the litigant in this case. Additionally, this case and cases alike have received notable news coverage across the country, and disclosure of Plaintiff's name may impact her and her family's safety. Because of the vulnerability of Plaintiff and her family, this factor weighs in favor of nondisclosure. *See, e.g., Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020) (holding that district court erred in refusing plaintiff to proceed anonymously where she alleged that she would be stigmatized as a result of her family's religious beliefs if identity were to become public).

### B) Forcing Plaintiff To Reveal Her Identity Will Exert A Deterrent Effect On Other Victims

The First Circuit has explained that cases involving sexual abuse of minors must often proceed under a pseudonym due to the significant risk that forcing publicity – and the attendant harms to the abused minor plaintiff – will deter other victims from filing their own suit. The First Circuit has explained that the risk of deterring others from having the courage to file suit is of particular importance in cases, like this one, which involve "sexual activities" and "the identity of abused minors." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th at 7.

Over the past decades, Maine's legislature has passed several bills increasing the statute of limitations for civil suits alleging the sexual abuse of a minor, and in so doing has consistently affirmed the importance of allowing minor victims of sexual assault to come forward and seek justice against their abusers. *See* 14 M.R.S.A. § 752-C. Forcing Jane Doe to reveal her identity would directly contradict their goal of allowing her and others their day in Court.

### C) Forcing Plaintiff to Share Her Name Would Not Serve The Public Interest

There is no strong public interest that would counsel against allowing Jane Doe to proceed anonymously. To the contrary, there is a public interest in avoiding the deterrent effect of forced publicity and not causing victims of sexual abuse further trauma. *See, e.g., Doe v. Rutgers*, No. 2:18-CV-12952-KM-CLW, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019) ("There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs."). Moreover, allowing Plaintiff to proceed anonymously does not prevent the public's access to any documents in the case, and like any others they will be made available for any interested person

to review.  Finally, Plaintiff and her counsel have pledged to cooperate with the Court and the Defendant with respect to sharing her identity confidentially, and agrees to share her identity to the Defendant confidentially and under the condition that Defendant will not disclose her name in the public.

Because Plaintiffs' anonymity would not impair the public's right to view or scrutinize this lawsuit nor impede the Defendant's investigation and defense of it, there is no strong interest that would be served by forced disclosure.

## CONCLUSION

Plaintiff has suffered enough from the horrific sexual abuse described in the Complaint. She should be allowed to proceed anonymously in order to protect herself, and her family, from further injury, and to avoid deterring other victims from seeking justice.

DATED: December 15, 2022

Respectfully Submitted,

*/s/ Alexis G. Chardon, Esq.*
Alexis Garmey Chardon, Esq. Bar #5932
**GARMEY LAW**
*Attorney for Plaintiff*
482 Congress Street, Suite 402
Portland, Maine 04101
Email: achardon@garmeylaw.com
Direct: 207-835-2060

Ashley Pileika, Esq. New York Bar #974605
Darren Wolf, Esq. Texas Bar # 24072430
*Attorneys for Plaintiff*
**LAW OFFICE OF DARREN WOLF, P.C.**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
ashley@darrenwolf.com
darren@darrenwolf.com
P:  214-346-5355
*Pro Hac Vice Request Forthcoming*